IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN A. ALBANESE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1425 |
| | ) | |
| v. | ) | Trial by Jury Demanded |
| | ) | |
| THE CITY OF WILMINGTON, DELAWARE, | ) | |
| A Political Subdivision of the State of Delaware, | ) | |
| JAMES N. MOSLEY, SR., and | ) | |
| JEFFREY J. STARKEY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**DIRECTED TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 33, Defendants City of Wilmington, James N. Mosley, Sr., and Jeffrey J. Starkey propound the following Interrogatories to be answered by Plaintiff, John A. Albanese, Jr. Plaintiff is to answer separately, in writing, under oath, the following Interrogatories, within thirty (30) days of the date of service hereof at the offices of the City of Wilmington Law Department, Louis L. Redding City/County Building, 800 French Street, 9th Floor, Wilmington, Delaware 19801. These Interrogatories are deemed continuing.

INSTRUCTIONS AND DEFINITIONS

These instructions and definitions form an integral part of these Interrogatories which follow:

A. 1. When used in reference to a natural Person, "Identify", "Identity", or "Identification" means to provide the following information about said natural Person:

    a. The Person's full name;

    b. The Person's present or last known business and residence address;

    c. The Person's present or last known business or professional affiliation; and

    d.  The Person's present or last known business or professional position, including his or her job title and a Description of his or her job functions, duties, and responsibilities.

  2.  When used in reference to an expert witness, in addition to the information required above, "Identify", "Identity", or "Identification" means to furnish the following information:

    a.  A brief chronological resume of the witness's educational and professional background, including the associations and societies of which he or she is a member;

    b.  Identification of all documentary materials published by each expert within his or her field; and

    c.  Identification of all Documents examined, prepared, requested or made by each expert with respect to the present case.

  3.  When used in reference to any Entity other than a natural Person, such terms mean to state:

    a.  The Entity's full name;

    b.  The address of its principal place of business;

    c.  The jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

    d.  The Identity of all individuals who acted and/or who authorized another to act on its behalf in connection with the matter referred to;

    e.  In the case of a corporation, the names of its directors and principal officers;

    f.  In the case of any Entity other than a corporation, the Identities of its partners or principals; and

    g.  If the Entity has been dissolved or ceased to exist, the date on which such dissolution occurred.

    4. When used in reference to a court or institution, these terms mean to state:

        a.      The name of the court or institution;

        b.      Its last known address; and

        c.      Its telephone number.

    5.      When used in reference to a Document, these terms mean to state:

        a.      The nature of the Document (e.g., letter, contract, memorandum) and any other information (e.g., its title, index, or file number) which would facilitate the Identification thereof;

        b.      Its date of preparation;

        c.      Its present location and the Identity of its present custodian or, if its present location and custodian are not known, a Description of its last known disposition;

        d.      Its subject matter and substance or, in lieu thereof, annex a legible copy of the Document to the answers to these Interrogatories;

        e.      The Identity of each Person who performed any function or had any role in connection therewith (e.g., author, contributor of information, recipient, etc.), or who has any knowledge thereof, together with a Description of each such Person's function, role, or knowledge.

        f.      The Identity of Your source of all Documents, and if the source is any governmental body, the Identity of the individual who provided You with the Document; and

        g.      Whenever the Identification of a Document is requested and the Document is one of a series of two or more pages, or in the case of magnetic tape, microfilm, print-outs, etc., is contained in a portion thereof, include in Your Identification of said Document the number(s) of the particular page or pages (or other descriptive aid) and of the particular line or lines thereof upon which the information referred to in the Interrogatory or in Your Interrogatory response appears.

B.  In answering each Interrogatory: (i) Identify each Document relied upon or which forms the basis for the answer given or the substance of which is given in answer to the Interrogatory; and (ii) Identify each Person to whom the information is a matter of personal knowledge. In lieu of Identifying each Document, or stating the "terms" or "substance" of a Document, a true and correct copy thereof may be annexed to Your answers to these Interrogatories.

C.  "Action" shall mean and refer to the above-captioned lawsuit.

D.  "You" and "Your", shall mean the party to whom these Interrogatories are directed, his agents, representatives and employees, and all other Persons acting or purporting to act on his behalf, including his attorneys.

E.  "Entity" shall mean any corporation, partnership, limited partnership, limited liability company, joint venture, unincorporated association, or other legal or business entity.

F.  "Person" shall mean an individual, firm, partnership, association, corporation or other legal, business or governmental entity.

G.  "Plaintiff" shall mean and refer to Plaintiff John A. Albanese, Jr., his agents, representatives and employees, and all other Persons acting or purporting to act on his behalf, including his attorneys.

H.  "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by hand, namely: studies; analyses; evaluations, reports; reviews; agreements; Communications, including intracompany Communications; correspondence; telegrams; cables; memoranda; records; books; summaries or records of personal conversations or interviews; diaries; forecasts; statistical statements; accounts; work papers; graphs; charts, maps; diagrams, blueprints; tables; indices; pictures; recordings; tapes; microfilm; charges; accounts; analytical records; minutes or records of meetings or conferences;

reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs of any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other Document or writing of whatever description, including but not limited to any information contained in any computation or computer although not yet printed out within the Possession, Custody or Control of, or which may be obtained by, the answering party.

    I.    A Document is deemed to be within Your "Possession, Custody or Control" if: (1) it is within Your actual possession, custody or control; or (2) it is within the possession of any other Person or Entity and:

        (a)    You own the Document in whole or in part;

        (b)    You have a right by contract, statute or otherwise to see, inspect, examine or copy such Document; or

        (c)    As a practical matter, such Document has been or would be made available to You to use, inspect, examine or copy upon request to such Person or Entity.

    J.    For purposes of interpreting or construing the scope of these Interrogatories, the terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual Interrogatory. This includes, without limitation, the following:

        1.    Construing the words "and" as well as "or" in the disjunctive or conjunctive, as necessary, to make the Interrogatory more inclusive;

        2.        Construing the term "including" to mean "including, but not limited to";

        3.        Construing the word "any" to include and mean "each and every" and "any and all";

        4.        Construing the plural form of a word to include the singular and vice versa.

    K.    "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more Persons.

    L.    The terms "Relating to", "Relate to", "Concerning" or "Concern" mean reflecting, referring to, having any relationship to, pertaining to, evidencing, supporting or constituting, in whole or in part, the subject matter of the particular Interrogatory.

    M.    "Department" shall mean and refer to the City of Wilmington Department of Licenses and Inspections.

    N.    "City" shall mean and refer to Defendant City of Wilmington.

    O.    "Complaint" shall mean and refer to the complaint filed by the Plaintiff in the above-captioned Action.

    P.    "Interrogatories" shall mean and refer to Defendants' First Set of Interrogatories Directed to Plaintiff.

    Q.    These Interrogatories shall be deemed continuing as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

    R.    Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, the party's attorneys.

S.  Each of the following Interrogatories shall be answered separately and fully in writing and under oath or the grounds for refusal to answer shall be stated fully under oath. The responses shall be signed by the Person making them.

T.  When an Interrogatory requires Request to state the facts on which You rely to support, state the "Basis" or "Factual Basis" of, or to "Describe", or uses other similar words to inquire about a particular claim, contention, event or allegation, You must Identify and Describe in Your response each and every Communication, each and every fact, and each and every Document which You contend supports, refers to, or evidences such claim, contention or allegation.

U.  You must make inquiries of Your agents, servants, employees, representatives or others, so as to enable You to answer these Interrogatories as completely and accurately as possible.

V.  If You assert a privilege, work product immunity, or decline to Identify Documents or to provide a response on the basis of some other objection, please Identify and Describe said Document or privileged data and the Basis for said privilege, and Identify the Persons to whom the Document was sent, or who were present when the statement was made.

W.  If, in answering these Interrogatories, You encounter any ambiguity in construing a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in answering.

## **INTERROGATORIES**

1.  Identify all Persons who have knowledge of or were eye-witnesses to any of the facts alleged in the Complaint, noting specifically the eyewitnesses; and Describe the particular facts of which each such Person has knowledge.

ANSWER:

2. Identify each Person whom You expect to call as an expert witness at the trial of this Action.

ANSWER:

3. State the name, address and telephone number of Your family physician.

ANSWER:

4. Identify and Describe any physical, mental, psychological or emotional injuries, illnesses, diseases, distress, disturbances or conditions, and any aggravation of any pre-existing injuries or conditions You claim to have sustained as a result of the conduct alleged in the Complaint.

5. As to each injury, condition or aggravation of a pre-existing injury or condition Identified in Your response to Interrogatory No. 4 above, please Identify all psychologists, psychiatrists or other medical or mental health professionals who have examined or treated You, all medical institutions to which You have been admitted or in which You have been treated, and the dates of such examination or treatment.

ANSWER:

6. If You have fully recovered from any of the injuries, conditions, or aggravations of pre-existing injuries or conditions Identified in Your response to Interrogatory No. 4 above, state when such recovery was made for each.

ANSWER:

7. If You have not fully recovered from the injuries, conditions, and/or aggravations of pre-existing injuries or conditions Identified in Your response to Interrogatory No. 4 above, Describe in what respect You have not fully recovered.

ANSWER:

8. If You claim to be permanently disabled in any respect, Describe such permanent disability in detail and Identify all Persons who have knowledge of the fact that the disability or injury is permanent.

ANSWER:

9. Please list all medicine purchased or used by You in connection with the treatment of the injuries, conditions, and/or aggravations of pre-existing injuries or conditions Identified in Your response to Interrogatory No. 4 above, specifying the cost of such medicine, the store from which it was purchased, the name of such medication, the prescription number, and the doctor who prescribed it.

ANSWER:

10. If You have made any other claim(s) for discrimination and/or personal injuries against any Person, either before or since the date of the incidents alleged in the Complaint, please Describe in detail the nature of each such claim.

ANSWER:

11. State specifically all expenses which have been incurred with regard to the treatment of the injuries alleged in the Complaint (other than the expenses for medicine listed in Your response to Interrogatory No. 9 above), Identifying the Person, Entity or medical institution with whom each expense was incurred; the date each expense was incurred; the amount of each expense; and the nature of the treatment or services for which each expense was incurred.

ANSWER:

12. State whether any medical insurance compensation or compensation under the Medical Payments of Family Compensation provision of any insurance contract or benefits under

any Homeowner's Insurance contract or workmen's compensation has been paid, or any insurance company issuing a policy has denied coverage, or any other insurance has been received on account of any injuries You claim to have sustained as a result of the incidents alleged in the Complaint or the expenses of treating said injury; and Identify each insurance company; each Document evidencing such compensation, payment, or denial of coverage; and the amount of each payment of compensation or other receipt.

ANSWER:

13.    Have You ever instituted a civil action in any court or been a defendant in a civil action in any court? If so, please Describe the nature of the action, and Identify the court in which it was filed, the other parties to such action, the civil action number, the date the action was filed, and whether or not You were a plaintiff or a defendant in such action.

ANSWER:

14.    If You have ever pleaded guilty to or been convicted of any crime other than traffic violations, please state as to each such crime the nature of the offense; the date of the guilty plea or conviction; the name and number of the court proceeding (such as Justice of the Peace Court, Superior Court, etc.); and the sentence given to You.

ANSWER:

15.    Have You ever entered or been committed to any institution, whether public or private, for the treatment or observation of any medical, psychological or mental condition(s), alcoholism, narcotic addiction(s) or disorder(s) of any kind? If so, please Identify each such institution; the length of Your stay and the dates thereof; the purpose or reason You entered or were committed to such institution; and the names and addresses of the doctors, psychiatrists, psychologists or other medical or mental health professionals who treated or examined You there.

ANSWER:

16.     State the Factual Basis for Your contention that You were given only two opportunities to take the BOCA Property Maintenance and Housing Inspection examination.

ANSWER:

17.     State the Factual Basis for Your contentions that Trevor Knight provided tutoring for the BOCA certification examinations **on behalf of** the Department and that such tutoring was specifically directed to Kathy Holliday-Lane and Dennis Porter's examinations.

ANSWER:

18.     State the Factual Basis for Your contention that You were not permitted to participate in any of the training for the BOCA certification examinations provided by Trevor Knight.

ANSWER:

19.     State the Factual Basis for Your contention that no training for the BOCA certification examinations was provided to You by the Department or anyone else.

ANSWER:

20.     State the Factual Basis for Your contention that certain minorities employed by the Department were given more time than You to obtain the required BOCA certifications.

ANSWER:

21.     State the Factual Basis for Your contention that certain minority employees of the Department were given more opportunities than You to take the BOCA certification examinations.

ANSWER:

22.     State the Factual Basis for Your contention that certain minorities were allowed to maintain their positions with the Department despite their alleged failure to obtain the required

BOCA certification(s) by the applicable deadline.

ANSWER:

23. State the Factual Basis for Your contention that Defendants knowingly manipulated the assignments given to Juan Diaz, an Hispanic employee of the Department, to allow him to circumvent the BOCA certification requirement.

ANSWER:

24. State the number of times You took the BOCA One and Two Family Dwelling examination and the BOCA Property Maintenance and Housing Inspection examination between July 31, 1999 and April 30, 2002, Identifying specifically the dates when You took each examination, the score You obtained, and whether You received a passing or failing grade.

ANSWER:

25. State the Factual Basis for Your contention that there has been a "longstanding effort" on the part of the City to reduce the number of White employees and increase the number of Black and Hispanic employees of the Department.

ANSWER:

26. State the Factual Basis for Your contention that Kevin Wilson had significantly less experience and training and was supposedly less qualified for the position of Housing Code Enforcement Supervisor than Plaintiff.

ANSWER:

27. State the Factual Basis for Your contention that Defendants' decision to re-post the Housing Code Enforcement Supervisor position was motivated by race.

ANSWER:

28. State the Factual Basis for Your contention that Defendants' decision to terminate Your employment as Housing Code Enforcement Supervisor on July 26, 2001 was motivated by race.

ANSWER:

29. State the Factual Basis for Your contention that Defendants' decision not to re-hire You as Housing Code Enforcement Supervisor after You were terminated from that position in July of 2001 was motivated by race.

ANSWER:

30. List all employment You have held between July 26, 2001 and the present, Identifying specifically each Person by whom You were employed during that period, the nature of the job held with each employer, the dates of employment with each employer, the annual salary or income received from each employer; and, if You have been unemployed at any time between July 26, 2001 and the present, Describe Your efforts to find employment during that period.

ANSWER:

31. Explain the Basis for Your contention that You are entitled to another $100,000 in compensatory damages in addition to the back pay, front pay, and fringe benefits to which You claim to be entitled, and Describe how You computed this figure.

ANSWER:

32.     Identify all study materials Relating to the Property Maintenance and Housing Inspection examination and/or the One and Two Family Dwelling Inspection examination that were provided to You by the Department, and the date(s) when such materials were provided to You.

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Andrea J. Faraone
Andrea J. Faraone (#3831)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. ALBANESE, JR., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 04-1425 |
| | ) |
| v. | ) Trial by Jury Demanded |
| | ) |
| THE CITY OF WILMINGTON, DELAWARE, | ) |
| A Political Subdivision of the State of Delaware, | ) |
| JAMES N. MOSLEY, SR., and | ) |
| JEFFREY J. STARKEY, | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I, Andrea J. Faraone, Esquire, hereby certify that on this 4th day of March, 2005, I electronically filed copies of Defendants' First Set of Interrogatories Directed to Plaintiff with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Thomas C. Marconi, Esquire
> Losco & Marconi, P.A.
> 1813 North Franklin Street
> P.O. Box 1677
> Wilmington, DE 19899

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Andrea J. Faraone
Andrea J. Faraone (#3831)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175