IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. ALBANESE, JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-1425 |
| ) | |
| v. ) | Trial by Jury Demanded |
| ) | |
| THE CITY OF WILMINGTON, DELAWARE, ) | |
| A Political Subdivision of the State of Delaware, ) | |
| JAMES N. MOSLEY, SR., and ) | |
| JEFFREY J. STARKEY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants City of Wilmington, James N. Mosley, Sr., and Jeffrey J. Starkey hereby request Plaintiff John A. Albanese to produce the following Documents within 30 days of receipt hereof:

**INSTRUCTIONS AND DEFINITIONS**

These instructions and definitions form an integral part of these Requests for Production of Documents (the "Requests") which follow:

A. "Action" shall mean and refer to the above-captioned lawsuit.

B. "Complaint" shall mean and refer to the complaint filed by the Plaintiff in the above-captioned Action.

C. "You" and "Your", shall mean the party to whom these Requests are directed, his agents, representatives and employees, and all other Persons acting or purporting to act on his behalf, including his attorneys.

D. "Entity" shall mean any corporation, partnership, limited partnership, limited liability company, joint venture, unincorporated association, or other legal or business entity.

     E.    "Person" shall mean an individual, firm, partnership, association, corporation or other legal, business or governmental Entity.

     F.    "Plaintiff" shall mean and refer to Plaintiff John A. Albanese, Jr., his agents, representatives and employees, and all other Persons acting or purporting to act on his behalf, including his attorneys.

     G.    "Document" is used in the broadest sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by hand, namely: studies; analyses; evaluations, reports; reviews; agreements; Communications, including intra-company Communications; correspondence; telegrams; cables; memoranda; records; books; summaries or records of personal conversations or interviews; diaries; forecasts; statistical statements; accounts; work papers; graphs; charts, maps; diagrams, blueprints; tables; indices; pictures; recordings; tapes; microfilm; charges; accounts; analytical records; minutes or records of meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs of any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document or writing of whatever description, including but not limited to any information contained in any computation or computer although not yet printed out within the Possession, Custody or Control of, or which may be obtained by, the answering party.

H.  The terms "Relating to", "Relate to", "Concerning" or "Concern" mean reflecting, referring to, having any relationship to, pertaining to, evidencing, supporting, or constituting, in whole or in part, the subject matter of the particular Request.

I.  For purposes of interpreting or construing the scope of these Requests, the terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual Request.  This includes, without limitation, the following:

1.  Construing the words "and" as well as "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

2.  Construing the term "including" to mean "including, but not limited to";

3.  Construing the word "any" to include and mean "each and every" and "any and all";

4.  Construing the plural form of a word to include the singular and vice versa.

J.  "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between two or more Persons.

K.  These Requests are intended to include all Documents in Your possession or subject to Your custody or control, whether directly or indirectly.  A Document is deemed to be within Your "Possession, Custody or Control" if: (1) it is within Your actual possession, custody or control; or (2) it is within the possession of any other Person or Entity and:

(a)  You own the Document in whole or in part;

    (b)    You have a right by contract, statute or otherwise to see, inspect, examine or copy such Document; or

    (c)    As a practical matter, such Document has been or would be made available to You to use, inspect, examine or copy upon request to such Person or Entity.

L.    "Department" shall mean and refer to the City of Wilmington Department of Licenses and Inspections.

M.    "City" shall mean and refer to Defendant City of Wilmington.

N.    "Interrogatories" shall mean and refer to Defendants' First Set of Interrogatories Directed to Plaintiff.

O.    "Request" shall mean and refer to Defendants' First Request for Production of Documents Directed to Plaintiff.

P.    This Request shall be deemed continuing as to require prompt supplemental responses in accordance with Rule 26(e) of the Superior Court Civil Rules.

Q.    Each Document is to be produced with all non-identical copies and drafts thereof, in its entirety, without abbreviations or redactions.

R.    Documents shall be produced as kept in the ordinary course of business or segregated according to the Request to which they respond.

S.    If any responsive Document is to be withheld or redacted under a claim of attorney-client privilege, work product immunity, or any other privilege, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents called for by these Requests, and which shall include: (a) the Document number; (b) the Document date; (c) the Document type; (d) the author(s) of the Document; (e)

the recipient(s) of the Document; (f) a specific description of the subject-matter of the Document; and (g) a designation of the privilege claims.

## REQUESTS

1. Copies of all hospital records and summaries and reports of any doctors, psychologists, psychiatrists, or other medical or mental health professionals Concerning any tests performed on or Concerning the Plaintiff, and any other matter in writing prepared by or on behalf of any medical or mental health professional Concerning the Plaintiff's past, present, or future physical, mental and/or psychological condition insofar as such matters in writing may be in Your Possession, Custody or Control.

2. Copies of any and all statements, itemized bills or cancelled checks for all medical expenses, special damages, losses or expenses allegedly incurred by the Plaintiff as a result of the incidents alleged in the Complaint.

3. Copies of any and all written statements or reports of any expert witnesses containing opinions and/or facts upon which opinions are based Concerning any aspect of this litigation.

4. Copies of any and all Documents examined, prepared, requested, created or relied upon in connection with this Action by each Person you expect to call as an expert witness at trial.

5. Copies of any and all writings in Your Possession, Custody or Control that are Identified or referred to in any way in Your answers to Defendants' Interrogatories.

6. Copies of any and all Documents Concerning or Relating to Your claims for back pay, front pay, fringe benefits, and other compensatory damages.

7. Copies of any and all Documents containing or evidencing the score(s) You obtained on the BOCA One and Two Family Dwelling Inspection examination.

8. Copies of any and all Documents containing or evidencing the score(s) You obtained on the BOCA Property Maintenance and Housing Inspection examination.

9. Copies of any and all requests for reimbursement and Documents submitted in connection with any request for reimbursement of any costs You incurred with respect to the BOCA Property Maintenance and Housing Inspection examination and/or the BOCA One and Two Family Dwelling Inspection examination.

10. Copies of any and all study materials Relating to the Property Maintenance and Housing Inspection examination and/or the One and Two Family Dwelling Inspection examination that were provided to You by the Department

11. Copies of any and all Documents Relating to or Concerning Your contention that there has been a "longstanding effort" on the part of the City to reduce the number of White employees and increase the number of Black and Hispanic employees of the Department.

12. Copies of any and all writings in Your Possession, Custody or Control in addition to the items specified in the previous Requests which support the allegations of Your Complaint or Relate in any way to the issues raised by the pleadings in this Action.

13. Copies of any and all writings which You intend to rely upon in any way at the trial of this Action.

14. Copies of all reports of investigations, findings of fact, observations of facts or circumstances, or of any other matter Relating to any aspect of this Action.

                CITY OF WILMINGTON LAW DEPARTMENT


        /s/ Andrea J. Faraone
        Andrea J. Faraone (#3831)
        Assistant City Solicitor
        Louis L. Redding City/County Building
        800 N. French Street, 9th Floor
        Wilmington, DE 19801
        (302) 576-2175


DATED: March 4, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. ALBANESE, JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 04-1425 |
| ) | |
| v. ) | Trial by Jury Demanded |
| ) | |
| THE CITY OF WILMINGTON, DELAWARE, ) | |
| A Political Subdivision of the State of Delaware, ) | |
| JAMES N. MOSLEY, SR., and ) | |
| JEFFREY J. STARKEY, ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I, Andrea J. Faraone, Esquire, hereby certify that on this 4th day of March, 2005, I electronically filed copies of Defendants' First Request for Production of Documents Directed to Plaintiff with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Thomas C. Marconi, Esquire
>Losco & Marconi, P.A.
>1813 North Franklin Street
>P.O. Box 1677
>Wilmington, DE 19899

CITY OF WILMINGTON LAW DEPARTMENT

/s/ Andrea J. Faraone
Andrea J. Faraone (#3831)
Assistant City Solicitor
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175